## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KATAYON NAHAI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action Number** |
| | ) | |
| FIROOZ NAHAI, FEREYDOUN NAHAI, | ) | _____ |
| individually, as the Executor for the Estate of | ) | |
| Farhad Nahai and as Trustee of the DRN | ) | **JURY TRIAL** |
| TRUST, RUG LIQUIDATORS, LLC, | ) | **DEMANDED** |
| SFR MANAGEMENT COMPANY, LLC, | ) | |
| MFR HOLDINGS, LLC, | ) | |
| R. NAHAI & SONS, INC., NABROS, INC., | ) | |
| MARCELLA CORPORATION, WINDSOR | ) | |
| RUG GALLERY, INC., and MARCELLA | ) | |
| RUGS OF DISTINCTION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

---

## VERIFIED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE STATE OF GEORGIA'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, APPOINTMENT OF RECEIVER, INJUNCTIVE RELIEF AND AN ACCOUNTING

---

**COMES NOW, KATAYON NAHAI, Plaintiff** in the above-styled matter (**"Plaintiff"**), in her capacity as an heir-at-law and the surviving spouse of Farhad Moses Nahai (the "Decedent"), and also in her capacity as beneficiary under the Last Will and Testament of Farhad Moses Nahai, and files this *Verified*

*Complaint for Damages for Violations of the State of Georgia's Racketeer Influenced and Corrupt Organizations Act, Appointment of Receiver, Injunctive Relief and an Accounting* ("Complaint") respectfully showing the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff is an individual residing at 4779 Collins Avenue, Apartment 2505, Miami Beach, County of Miami-Dade, Florida 33140 and is the widow, heir-at-law and beneficiary of the Decedent.

2.

The Decedent, who was a citizen and resident of the County of DeKalb, State of Georgia, departed this life on March 31, 2013, leaving as his Last Will and Testament an instrument dated March 14, 2008, the original of which appears of record in The Probate Court of DeKalb County, State of Georgia, and a copy of which is attached hereto as Exhibit "A" and by this reference made a part of this Complaint (the "Will").

3.

The sole heirs-at-law of the Decedent are Plaintiff and their son, Dante Rouhollah Nahai.

2

4.

Firooz Nahai is an individual residing at 145 Barnard Place, Sandy Springs, County of Fulton, Georgia 30328. Firooz Nahai is sui juris and a citizen and resident of the State of Georgia and the brother of the Decedent.

5.

By *Order Admitting Will to Probate in Solemn Form* of The Probate Court of DeKalb County, State of Georgia, dated September 29, 2014, Fereydoun A. Nahai was appointed and is currently serving as the Executor of the Estate of Farhad Moses Nahai (the "Estate"). Moreover, Fereydoun A. Nahai serving as the Executor of the Estate has transacted business in DeKalb, Fulton and Gwinnett Counties, State of Georgia, pursuant to O.C.G.A. § 9-10-91(1). Fereydoun A. Nahai is sui juris, is the brother of the Decedent and is residing upon information and belief at 10750 Wilshire Boulevard, Apartment 1301, Los Angeles, California 90024.

6.

Moreover, Fereydoun Nahai is the Trustee of an inter vivos trust created by the Decedent for the benefit of Dante Rouhollah Nahai (the "DRN Trust").

7.

Rug Liquidators, LLC ("Rug Liquidators"), is a limited liability company organized under the laws of the State of Georgia with its principal place of business

3

being 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360. Rug Liquidators may be served through its registered agent, Firooz Nahai, at 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360.

8.

SFR Management Company, LLC ("SFR"), is a limited liability company organized under the laws of the State of Georgia with its principal place of business being 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360. SFR may be served through its registered agent, Firooz Nahai, at 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360.

9.

MFR Holdings, LLC ("MFR"), is a limited liability company organized under the laws of the State of Georgia with its principal place of business being 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360. MFR may be served through its registered agent, Firooz Nahai, at 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360.

10.

R. Nahai and Sons, Inc. ("R. Nahai"), is a for-profit corporation organized under the laws of the State of Georgia with its principal place of business being 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360. R. Nahai may be

served through its registered agent, Firooz Nahai, at 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360.

<div align="center">11.</div>

Nabros, Inc. ("Nabros"), is a for-profit corporation organized under the laws of the State of Georgia with its principal place of business being 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360.  R. Nahai may be served through its registered agent, Firooz Nahai, at 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360.

<div align="center">12.</div>

Marcella Corporation ("Marcella") is a for-profit corporation organized under the laws of the State of Georgia with its principal place of business being 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360.  Marcella may be served through its registered agent, Firooz Nahai, at 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360.

<div align="center">13.</div>

Windsor Rug Gallery, Inc. ("Windsor") is a for-profit corporation organized under the laws of the State of Georgia with its principal place of business being 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360.  Windsor may be

served through its registered agent, Firooz Nahai, at 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360.

14.

Marcella Rugs of Distinction, LLC ("Marcella Rugs") is a limited liability company organized under the laws of the State of Georgia with its principal place of business being 2910 Amwiler Court, Atlanta, County of Gwinnett, Georgia 30360. Marcella Rugs may be served through its registered agent, Firooz Nahai, at 145 Barnard Place, Sandy Springs, County of Fulton, Georgia 30328.

15.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that (i) the amount in controversy exceeds $75,000.00 exclusive of interest and costs and (ii) there is diversity of citizenship between two (2) or more adverse parties.

16.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this Complaint occurred in the Northern District of Georgia, specifically DeKalb, Fulton and Gwinnett Counties, State of Georgia, and Fereydoun Nahai is currently serving as the Executor of the Estate of the Decedent under the supervision of The Probate Court of DeKalb County, State of Georgia.

## STATEMENT OF FACTS COMMON TO EACH CAUSE OF ACTION

### 17.

Plaintiff incorporates the allegations set forth in Paragraphs 1-16 of this Complaint as if each allegation were fully restated herein.

### 18.

The Decedent was the owner of certain stock and membership interests in Rug Liquidators, SFR, MFR, Marcella, R. Nahai, Nabros and Marcella.   Upon information and belief, the Decedent was the owner of certain stock in Windsor.

### 19.

Pursuant to Decedent's Will, Plaintiff was named as the sole beneficiary of the Decedent's Estate.

### 20.

There was no specific bequest of any of Decedent's stock in the companies.

### 21.

By Shareholders' Stock Purchase and Sale Agreement, dated June 1, 1998, the shareholders of Marcella including Decedent agreed to place restrictions on the transferability of the shares of common stock of Marcella.

22.

By Shareholders' Stock and Purchase and Sale Agreement, dated June 1, 1998, the Shareholders of R. Nahai including Decedent agreed to place restrictions on the transferability of the shares of common stock of R. Nahai.

23.

By Shareholders' Stock Purchase and Sale Agreement, dated June 1, 1998, the shareholders of Nabros including Decedent agreed to place restrictions on the transferability of the shares of common stock of Nabros (the Stock Purchase and Sale Agreements for Marcella, R. Nahai, and Nabros are referred to collectively as the "Shareholders' Agreements" or individually as a "Shareholders' Agreement").

24.

Section 2.2 of each company's Shareholders' Agreement states that "transfer of stock in the Corporation... to the following persons *or* permitted transferees ("Permitted Transferees") shall be permitted...." (emphasis added).

25.

Section 2.2 of each company's Shareholders' Agreement also states that stock transfers are valid so long as they are transferred to: (1) an "individual shareholder's lineal descendant"; (2) a "trust... for the exclusive benefit of one or more Permitted Transferees set forth above"; or (3)  "his estate... but only if...

8

all… stock… is distributed to one or more Permitted Transferees." However, none of the Shareholders' Agreements authorize a shareholder's executor to make any disposition of shares that are not bequeathed to a Permitted Transferee, nor do any of the agreements function as a will substitute effecting an automatic transfer upon a shareholder's death.

<div align="center">26.</div>

Plaintiff is the spouse of, but not a lineal descendant of, the Decedent, and is therefore not a Permitted Transferee.

<div align="center">27.</div>

Section 2.1 of each company's Shareholders' Agreement states that a disposition of stock in violation of Section 2.2 is "null and void."

<div align="center">28.</div>

The Shareholders' Agreements do not address how or to whom the stock will be transferred upon the Decedent's death if the legatee of a deceased shareholder is someone other than a Permitted Transferee of the deceased shareholder, effectively leaving such stock "in limbo" with no one to manage it or protect the rights of the stock's beneficial owner.

<div align="center">29.</div>

Decedent's only lineal descendent is Dante Rouhollah Nahai.

<div align="center">9</div>

30.

The stock itself is not subject to administration by Fereydoun Nahai as Executor because, under the terms of the Shareholders' Agreements, the stock cannot be "transferred" to the Estate since the terms of the Will do not provide for distribution to a Permitted Transferee.

31.

Even if Fereydoun Nahai as Executor could administer the stock, the terms of the Shareholders' Agreements include Fereydoun Nahai, individually, among the class of persons who would be entitled to exercise a right of first refusal if the stock were offered for sale, which would be a direct conflict of interest.

32.

Fereydoun Nahai as Executor filed an Inventory in March 2015 and an Amended Inventory in June 2015 with the Probate Court of DeKalb County, Georgia.   True and correct copies of the Inventory and Amended Inventory are attached hereto collectively as Exhibit "B" and incorporated herein by reference.

33.

The stock and membership interest described below are at risk of losing all of its value without any party able to manage the same or assert any rights of the

stock's or membership interests' proper beneficial owner, including all rights of shareholders under Title 14 of the Official Code of Georgia Annotated.

## COUNT I-COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE STATE OF GEORGIA'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AS TO RUG LIQUIDATORS

34.

Plaintiff incorporates the allegations set forth in Paragraphs 1-33 of this Complaint as if each allegation were fully restated herein.

35.

The Decedent owned at the time of his death twenty-five percent (25%) of the membership interest of Rug Liquidators.

36.

The Decedent's interest in Rug Liquidators was part of his Estate, which was bequeathed under the Will solely to Plaintiff.

37.

On June 12, 2015, Fereydoun Nahai, as Executor of the Estate, transferred the membership interest instead to the DRN Trust, of which Fereydoun Nahai was and is the Trustee. A true and correct copy of an Irrevocable Membership Power is attached hereto as Exhibit "C" and incorporated herein by reference.

38.

Fereydoun Nahai, as Executor of the Estate, appointed Firooz Nahai as attorney for the purpose of transferring the membership interest.

39.

No consideration was paid by the DRN Trust or received by the Estate for the transfer of the membership interest.

40.

Neither Plaintiff nor the Estate is a beneficiary of the DRN Trust.

41.

Fereydoun Nahai and Firooz Nahai exercised complete control over the books and records of Rug Liquidators, and the transfer of the Decedent's membership interest was concealed from Plaintiff until May 18, 2016.

42.

The transfer of the membership interest in Rug Liquidators was one of a series of acts committed by Fereydoun Nahai and Firooz Nahai for the purpose of depriving Plaintiff and the Estate of the property and for the purpose of acquiring control of the property for themselves.

43.

Plaintiff is entitled to recover three times the actual damages sustained, plus attorney fees and punitive damages to deter future misconduct on the part of Fereydoun Nahai and Firooz Nahai pursuant to O.C.G.A. § 16-14-6(c).

## COUNT II-COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE STATE OF GEORGIA'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AS TO SFR

44.

Plaintiff incorporates the allegations set forth in Paragraphs 1-43 of this Complaint as if each allegation were fully restated herein.

45.

The Decedent owned at the time of his death twenty-five percent (25%) of the membership interest of SFR.

46.

The Decedent's interest in SFR was part of his Estate, which was bequeathed under the Will solely to Plaintiff.

47.

On June 12, 2015, Fereydoun Nahai, as Executor of the Estate, transferred the membership interest instead to the DRN Trust, of which Fereydoun Nahai was

and is the Trustee.  A true and correct copy of an Irrevocable Membership Power is attached hereto as Exhibit "D" and incorporated herein by reference.

48.

Fereydoun Nahai, as Executor of the Estate, appointed Firooz Nahai as attorney for the purpose of transferring the membership interest.

49.

No consideration was paid by the DRN Trust or received by the Estate for the transfer of the membership interest.

50.

Neither Plaintiff nor the Estate is a beneficiary of the DRN Trust.

51.

Fereydoun Nahai and Firooz Nahai exercised complete control over the books and records of SFR, and the transfer of the Decedent's membership interest was concealed from Plaintiff until May 18, 2016.

52.

The transfer of the membership interest in SFR was one of a series of acts committed by Fereydoun Nahai and Firooz Nahai for the purpose of depriving Plaintiff and the Estate of the property and for the purpose of acquiring control of the property for themselves.

53.

Plaintiff is entitled to recover three times the actual damages sustained, plus attorney fees and punitive damages to deter future misconduct on the part of Fereydoun Nahai and Firooz Nahai pursuant to O.C.G.A. § 16-14-6(c).

## COUNT III-COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE STATE OF GEORGIA'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AS TO MFR

54.

Plaintiff incorporates the allegations set forth in Paragraphs 1-53 of this Complaint as if each allegation were fully restated herein.

55.

The Decedent owned at the time of his death twelve and one-half percent (12.5%) of the membership interest of MFR.

56.

The Decedent's interest in MFR was part of his Estate, which was bequeathed under the Will solely to Plaintiff.

57.

On June 12, 2015, Fereydoun Nahai, as Executor of the Estate, transferred the membership interest instead to the DRN Trust, of which Fereydoun Nahai was

and is the Trustee.  A true and correct copy of an Irrevocable Membership Power is attached hereto as Exhibit "E" and incorporated herein by reference.

58.

Fereydoun Nahai, as Executor of the Estate, appointed Firooz Nahai as attorney for the purpose of transferring the membership interest.

59.

No consideration was paid by the DRN Trust or received by the Estate for the transfer of the membership interest.

60.

Neither Plaintiff nor the Estate is a beneficiary of the DRN Trust.

61.

Fereydoun Nahai and Firooz Nahai exercised complete control over the books and records of MFR, and the transfer of the Decedent's membership interest was concealed from Plaintiff until May 18, 2016.

62.

In fact, a Third Amendment to Operating Agreement of MFR was entered into on October 1, 2015, after Decedent's death that was made effective retroactively to March 27, 2003, prior to the Decedent's death, that imposed restrictions on transfer not included within the original operating agreement of

MFR. Fereydoun Nahai executed the Third Amendment to Operating Agreement of MFR individually and as Executor of the Estate. A true and correct copy of the Third Amendment to Operating Agreement of MFR is attached hereto as Exhibit "F" and incorporated herein by reference.

63.

The transfer of the membership interest in MFR was one of a series of acts committed by Fereydoun Nahai and Firooz Nahai for the purpose of depriving Plaintiff and the Estate of the property and for the purpose of acquiring control of the property for themselves.

64.

Plaintiff is entitled to recover three times the actual damages sustained, plus attorney fees and punitive damages to deter future misconduct on the part of Fereydoun Nahai and Firooz Nahai pursuant to O.C.G.A. § 16-14-6(c).

## COUNT IV- COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE STATE OF GEORGIA'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AS TO MARCELLA

65.

Plaintiff incorporates the allegations set forth in Paragraphs 1-64 of this Complaint as if each allegation were fully restated herein.

66.

The Decedent owned at the time of his death five hundred (500) shares of stock in Marcella.

67.

The value of Decedent's interest in Marcella was part of his Estate, which was bequeathed under the Will solely to Plaintiff.

68.

On June 12, 2015, Fereydoun Nahai, as Executor of the Estate, transferred the stock instead to the DRN Trust, of which Fereydoun Nahai was and is the Trustee.  A true and correct copy of an Irrevocable Stock Power is attached hereto as Exhibit "G" and incorporated herein by reference.

69.

Fereydoun Nahai, as Executor of the Estate, appointed Firooz Nahai as attorney for the purpose of transferring the stock.

70.

No consideration was paid by the DRN Trust or received by the Estate for the transfer of the stock.

71.

Neither Plaintiff nor the Estate is a beneficiary of the DRN Trust.

72.

Fereydoun Nahai and Firooz Nahai exercised complete control over the books and records of Marcella, and the transfer of the Decedent's stock was concealed from Plaintiff until May 18, 2016.

73.

The transfer of the stock in Marcella is one of a series of acts committed by Fereydoun Nahai and Firooz Nahai for the purpose of depriving Plaintiff and the Estate of the property and for the purpose of acquiring control of the property for themselves.

74.

Plaintiff is entitled to recover three times the actual damages sustained, plus attorney fees and punitive damages to deter future misconduct on the part of Fereydoun Nahai and Firooz Nahai pursuant to O.C.G.A. § 16-14-6(c).

## COUNT V- COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE STATE OF GEORGIA'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AS TO NABROS

75.

Plaintiff incorporates the allegations set forth in Paragraphs 1-74 of this Complaint as if each allegation were fully restated herein.

76.

The Decedent owned at the time of his death one thousand two hundred fifty (1,250) shares of stock in Nabros.

77.

The value of Decedent's interest in Nabros was part of his Estate, which was bequeathed under the Will solely to Plaintiff.

78.

On June 12, 2015, Fereydoun Nahai, as Executor of the Estate, transferred six hundred fifty (650) shares of stock to the DRN Trust, of which Fereydoun Nahai was and is the Trustee.  A true and correct copy of an Irrevocable Stock Power is attached hereto as Exhibit "H" and incorporated herein by reference.  As of June 25, 2016, six hundred (600) shares of stock in Nabros were still titled in the name of the Decedent.

79.

Fereydoun Nahai, as Executor of the Estate, appointed Firooz Nahai as attorney for the purpose of transferring the stock.

80.

On June 25, 2016, a Resolution was executed by Fereydoun Nahai and Firooz Nahai issuing one million (1,000,000) shares of common stock in Nabros

and dividing two hundred fifty thousand (250,000) shares, or 25%, to the DRN Trust.

81.

No consideration was paid by the DRN Trust or received by the Estate for the transfer of the stock.

82.

Neither Plaintiff nor the Estate is a beneficiary of the DRN Trust.

83.

Fereydoun Nahai and Firooz Nahai exercised complete control over the books and records of Nabros, and the transfer of the Decedent's stock was concealed from Plaintiff until May 18, 2016.

84.

The transfer of the shares in Nabros was one of a series of acts committed by Fereydoun Nahai and Firooz Nahai for the purpose of depriving Plaintiff and the Estate of the property and for the purpose of acquiring control of the property for themselves.

85.

Plaintiff is entitled to recover three times the actual damages sustained, plus attorney fees and punitive damages to deter future misconduct on the part of Fereydoun Nahai and Firooz Nahai pursuant to O.C.G.A. § 16-14-6(c).

## COUNT VI- COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE STATE OF GEORGIA'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AS TO R. NAHAI

86.

Plaintiff incorporates the allegations set forth in Paragraphs 1-85 of this Complaint as if each allegation were fully restated herein.

87.

The Decedent owned at the time of his death forty thousand six hundred twenty-five (40,625) shares of stock in R. Nahai.

88.

The value of Decedent's interest in R. Nahai was part of his Estate, which was bequeathed under the Will solely to Plaintiff.

89.

On June 12, 2015, Fereydoun Nahai, as Executor of the Estate, transferred thirty thousand three hundred thirteen (30,313) shares of stock to the DRN Trust, of which Fereydoun Nahai was and is the Trustee.  A true and correct copy of an

Irrevocable Stock Power is attached hereto as Exhibit "I" and incorporated herein by reference.  As of June 25, 2016, ten thousand three hundred twelve (10,312) shares of stock in R. Nahai were still titled in the name of the Decedent.

90.

Fereydoun Nahai, as Executor of the Estate, appointed Firooz Nahai as attorney for the purpose of transferring the stock.

91.

On June 25, 2016, a Resolution was executed by Fereydoun Nahai and Firooz Nahai issuing five hundred thousand (500,000) shares of common stock in R. Nahai and dividing one hundred twenty-five thousand (125,000) shares, or 25%, to the DRN Trust.

92.

No consideration was paid by the DRN Trust or received by the Estate for the transfer of the stock.

93.

Neither Plaintiff nor the Estate is a beneficiary of the DRN Trust.

94.

Fereydoun Nahai and Firooz Nahai exercised complete control over the books and records of Nabros, and the transfer of the Decedent's stock was concealed from Plaintiff until May 18, 2016.

95.

The transfer of the stock in R. Nahai was one of a series of acts committed by Fereydoun Nahai and Firooz Nahai for the purpose of depriving Plaintiff and the Estate of the property and for the purpose of acquiring control of the property for themselves.

96.

Plaintiff is entitled to recover three times the actual damages sustained, plus attorney fees and punitive damages to deter future misconduct on the part of Fereydoun Nahai and Firooz Nahai pursuant to O.C.G.A. § 16-14-6(c) .

## COUNT VII- COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE STATE OF GEORGIA'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AS TO WINDSOR

97.

Plaintiff incorporates the allegations set forth in Paragraphs 1-96 of this Complaint as if each allegation were fully restated herein.

98.

Upon information and belief, the Decedent owned at the time of his death of stock in Windsor.

99.

The Decedent's interest in Windsor was part of his Estate, which was bequeathed under the Will solely to Plaintiff.

100.

Upon information and belief, Fereydoun Nahai, as Executor of the Estate, transferred shares of stock in Windsor to the DRN Trust, of which Fereydoun Nahai was and is the Trustee.

101.

Upon information and belief, Fereydoun Nahai, as Executor of the Estate, appointed Firooz Nahai as attorney for the purpose of transferring the stock.

102.

No consideration was paid by the DRN Trust or received by the Estate for the transfer of the stock.

103.

Neither Plaintiff nor the Estate is a beneficiary of the DRN Trust.

104.

Fereydoun Nahai and Firooz Nahai exercised complete control over the books and records of Windsor and the ownership and transfer of the Decedent's stock has been concealed from Plaintiff.

105.

The transfer of the stock in Windsor was one of a series of acts committed by Fereydoun Nahai and Firooz Nahai for the purpose of depriving Plaintiff and the Estate of the property and for the purpose of acquiring control of the property for themselves.

106.

Plaintiff is entitled to recover three times the actual damages sustained, plus attorney fees and punitive damages to deter future misconduct on the part of Fereydoun Nahai and Firooz Nahai pursuant to O.C.G.A. § 16-14-6(c) .

## COUNT VIII- COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE STATE OF GEORGIA'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AS TO MARCELLA RUGS

107.

Plaintiff incorporates the allegations set forth in Paragraphs 1-106 of this Complaint as if each allegation were fully restated herein.

108.

Upon information and belief, Marcella Rugs was formed by Fereydoun Nahai, Foad Nahai and Firooz Nahai on or about July 28, 2014, after the death of the Decedent.

109.

Upon information and belief, Marcella Rugs was formed for the purpose of diverting assets and business opportunities from the companies referenced herein.

110.

The formation of Marcella Rugs was one of a series of acts committed by Fereydoun Nahai and Firooz Nahai for the purpose of depriving Plaintiff and the Estate of the property and for the purpose of acquiring control of the property for themselves.

111.

Plaintiff is entitled to recover three times the actual damages sustained, plus attorney fees and punitive damages to deter future misconduct on the part of Fereydoun Nahai and Firooz Nahai pursuant to O.C.G.A. § 16-14-6(c) .

## COUNT IX-APPOINTMENT OF RECEIVER

### 112.

Plaintiff incorporates the allegations set forth in Paragraphs 1-111 of this Complaint as if each allegation were fully restated herein.

### 113.

The appointment of a receiver is necessary to preserve, protect and maintain the value of Plaintiff's interests. The stock and membership interest described herein are at risk of losing all of its value without any party able to manage the same or assert any rights of the stock's or membership interests' proper beneficial owner

### 114.

Plaintiff contends that irreparable injury, loss or damage will result to them without Court intervention.

### 115.

Pursuant to O.C.G.A. § 9-8-1 "[w]hen any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected or when there is a fund or property having no one to manage it, a receiver of the same may be appointed by the judge of the superior court having jurisdiction thereof."

116.

Alternatively, O.C.G.A. § 9-8-2 states that "[e]quity may appoint receivers to take possession of and protect trust or joint property and funds whenever the danger or destruction and loss shall require such interference."

117.

There is a need of a Court appointed receiver to manage, protect, administer, marshal, collect and control the stock and membership interest referenced herein.

118.

Absent the appointment of a receiver, Fereydoun Nahai and Firooz Nahai will continue to exercise complete control over the books and records of the companies referenced herein to the detriment of Plaintiff.

119.

Absent the appointment of a receiver, Fereydoun Nahai and Firooz Nahai will continue to deprive Plaintiff and the Estate of the stock and membership interest.

120.

Accordingly, Plaintiff is entitled to the entry of an order appointing Michael Lambros, or other qualified individual, as receiver (referred to herein as the "Receiver") with the Receiver having all the rights, powers, duties, authorities and

protections ordinarily granted to a receiver and necessary to take possession of, maintain and preserve the collateral, including, without limitation, invoicing and collection of funds, access to the premises and all offsite storage or additional facilities, the receipt and handling and disposition of inventory, production operations, disbursement of funds, and any other business or operational matters deemed necessary by the Receiver in his sole discretion.

## COUNT X-INJUNCTIVE RELIEF

### 121.

Plaintiff incorporates the allegations set forth in Paragraphs 1-120 of this Complaint as if each allegation were fully restated herein.

### 122.

In order to empower the Receiver appointed by this Court, and to protect Plaintiff's interests, Plaintiff requests that this Court enter a preliminary injunction as described below to take effect immediately and to remain in effect for the duration of this case or until further Order of this Court.

### 123.

Without an injunction to empower the Receiver, it is unlikely that the receivership will succeed.

124.

Under applicable law, Plaintiff is entitled to a preliminary and permanent injunction.

125.

Plaintiff will suffer imminent and irreparable injury and will be left without an adequate remedy at law unless injunctive relief is granted in aid of the Receiver and because of the nature of the Defendants' business is ripe for loss of good will.

126.

Accordingly, Plaintiff is entitled to an entry of a preliminary injunction against Defendants and their successors, assigns, agents, employees, attorneys or anyone acting for or in concert with them, including but not limited to (i) enjoining them from collecting, withdrawing, transferring, conveying, concealing or otherwise disposing of any assets including any revenues and profits derived therefrom, during and pending the appointment of the Receiver; (ii) enjoining them from removing any property from their business and from removing, destroying, concealing, changing, amending or altering in any manner any of the books or records relating to the ownership, possession or operations of the businesses referenced herein; (iii) enjoining them from further transferring any share or membership interest in Rug Liquidators, SFR, MFR, R. Nahai, Nabros, Marcella,

Windsor and/or Marcella Rugs that were owned by the Decedent at the time of his death; and (iv) enjoining them from issuing any additional shares or membership interest in Rug Liquidators, SFR, MFR, R. Nahai, Nabros, Marcella, Windsor and Marcella Rugs until further order of this Court.

<div align="center">127.</div>

Accordingly, Plaintiff is entitled to an entry of a preliminary injunction against Defendants and their successors, assigns, agents, employees, attorneys or anyone acting for or in concert with them from prosecuting any claim against the Receiver other than in this action and only after proper motion is filed and an order entered allowing such party to file such a claim herein.

<div align="center">128.</div>

On final trial of this cause, Plaintiff is entitled to an entry of a permanent injunction consistent with the above preliminary injunctions, except as modified to the extent necessary to protect Plaintiff's interests.

<div align="center">

**COUNT XI-ACCOUNTING**

</div>

<div align="center">129.</div>

Plaintiff incorporates the allegations set forth in Paragraphs 1-128 of this Complaint as if each allegation were fully restated herein.

130.

Due to Defendants' actions as provided herein, Plaintiff is entitled to an accounting.

131.

Accordingly, Plaintiff is entitled to the entry of an order directing that Defendants provide Plaintiff with an accounting from January 1, 2003 up to and including the date of entry of any such order.

## COUNT XII-AWARD OF EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

132.

Plaintiff incorporates the allegations set forth in Paragraphs 1-131 of this Complaint as if each allegation were fully restated herein.

133.

Defendants have been stubbornly litigious, have acted in bad faith, and have caused Plaintiff unnecessary trouble and expense for which she seeks, in accordance with O.C.G.A. § 13-6-11, all expenses of litigation, including reasonable attorneys' fees, in an amount to be shown upon the trial of this case.

## COUNT XIII-PUNITIVE DAMAGES

### 134.

Plaintiff incorporates the allegations set forth in Paragraphs 1-133 of this Complaint as if each allegation were fully restated herein.

### 135.

By engaging in the conduct described herein, Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences so as to entitle Plaintiff to punitive damages against the Defendants in accordance with O.C.G.A. § 51-12-5.1.

## COUNT XIV-DEMAND FOR JURY TRIAL

### 136.

Plaintiff incorporates the allegations set forth in Paragraphs 1-135 of this Complaint as if each allegation were fully restated herein.

### 137.

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

WHEREFORE, Plaintiff prays as follows:

(a)     For judgment in favor of Plaintiff for Counts I-VIII in an amount to be
        determined by a fair and impartial jury, and for all costs incurred by
        Plaintiff in bringing and prosecuting this action;

(b)     That summons may issue requiring Defendants to answer;

(c)     For a trial by jury;

(d)     That punitive damages for be awarded to Plaintiff as a result of
        Defendants' intentional, willful and wanton acts in an amount to be
        determined by a fair and impartial jury in an appropriate amount to
        punish Defendants and deter such conduct in the future pursuant to
        O.C.G.A. § 51-12-5.1;

(e)     That a Receiver be appointed as soon as possible to take possession
        and control of the stocks and membership interest described herein
        and granting such Receiver all powers, duties, authorities, and
        protections ordinarily granted to a Receiver and necessary to possess,
        maintain and preserve the stocks and membership interest until
        further order of this Court;

(f)     That the Receiver be granted the injunctive relief as requested herein,
        including but not limited to enjoining Defendants from further
        transferring any share or membership interest in Rug Liquidators,

SFR, MFR, R. Nahai, Nabros, Marcella, Windsor and/or Marcella Rugs that were owned by the Decedent at the time of his death and enjoining them from issuing any additional shares or membership interest in Rug Liquidators, SFR, MFR, R. Nahai, Nabros, Marcella, Windsor and Marcella Rugs until further order of this Court;

(g)   For an order directing Defendants to provide Plaintiff with an accounting from January 1, 2003 up to and including the date of entry of such order;

(h)   For expenses of litigation and investigation pursuant to O.C.G.A. § 16-14-6(c) and reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11; and

(i)   For such other and further relief as this Court deems just and proper.

[Signatures to follow on next page.]

Respectfully submitted, this 9th day of September, 2016.

<div style="margin-left:40%">

s/David A. Pope
David A. Pope
Georgia Bar Number 583780
Matthew R. Hall
Georgia Bar Number 319225
Attorneys for Plaintiff

</div>

SPIVEY, POPE, GREEN & GREER, LLC
4875 Riverside Drive, Suite 200
Post Office Box 899
Macon, Georgia 31202
Telephone (478) 254-8866
Facsimile (478) 254-8980
dpope@spgglaw.com
mhall@spgglaw.com

| FIROOZ NAHAI, RUG LIQUIDATORS, | ) | **DEMANDED** |
|---|---|---|
| LLC, SFR MANAGEMENT COMPANY, | ) | |
| LLC, MFR HOLDINGS, LLC, | ) | |
| R. NAHAI & SONS, INC., NABROS, INC., | ) | |
| MARCELLA CORPORATION, WINDSOR | ) | |
| RUG GALLERY, INC., and MARCELLA | ) | |
| RUGS OF DISTINCTION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

---

## VERIFICATION

Personally appeared before the undersigned authority, Katayon Nahai, who upon first being duly sworn deposes and says that the facts contained in the foregoing *Verified Complaint for Damages for Violations of the State of Georgia's Racketeer Influenced and Corrupt Organizations Act, Appointment of Receiver, Injunctive Relief and an Accounting* are true and correct and that she is competent to testify to the same.

This ___26___ day of July, 2016.

Katayon Nahai
KATAYON NAHAI

worn to and subscribed before me
this 26 day of July, 2016.

Notary Public
My Commission Expires: 06/15/2020



TAL SHEMESH
Notary Public - State of Florida
Commission # GG 003015
My Comm. Expires Jun 15, 2020

36